TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-97-00122-CR

NO. 03-97-00123-CR

Billy Dale Townsend, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF BELL COUNTY, 27TH & 264TH JUDICIAL

DISTRICTS

NOS. 43,917 & 46,612, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

PER CURIAM

In number 3-97-122-CR, appellant pleaded guilty to an indictment accusing him of burglary
of a building. The district court found that the evidence substantiated appellant's guilt, suspended further
proceedings, and placed appellant on community supervision. Later, on the State's motion, the court
revoked supervision, adjudicated guilt, and sentenced appellant, as an habitual offender, to imprisonment
for thirty years. In number 3-97-123-CR, the court found appellant guilty of forgery by passing and
assessed punishment, enhanced by two previous felony convictions, at imprisonment for fifteen years.

Appellant's court-appointed attorney filed a brief concluding that the appeals are frivolous
and without merit. The brief meets the requirements of Anders v. California, 386 U.S. 738 (1967), by
presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be
advanced. See also Penson v. Ohio, 488 U.S. 75 (1988); High v. State, 573 S.W.2d 807 (Tex. Crim.
App. 1978); Carrie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Jackson v. State, 485 S.W.2d
553 (Tex. Crim. App. 1972); Gaines v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969). A copy of
counsel's brief was delivered to appellant, and appellant was advised of his right to examine the appellate
record and to file a pro se brief. (1)

Appellant contends he was tricked into pleading guilty in number 3-97-122-CR. There
is no support for this contention in the record.

In number 3-97-123-CR, appellant contends the evidence is insufficient to sustain the guilty
verdict, his trial counsel was ineffective, and there is no support in the record for the amount of restitution
ordered. We have reviewed the testimony and find evidentiary support for each element of the offense. 
See Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App.
1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). Appellant's ineffectiveness claim is
based on facts outside the record. The district court stated that the amount of restitution was "set forth in
the PSI."

We have reviewed the record, counsel's brief, and appellant's pro se brief and agree that
the appeal is frivolous and without merit. The judgment of conviction is affirmed.

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: February 12, 1998

Do Not Publish
1. In his pro se brief, appellant states that he requested but was denied a copy of the reporter's record. 
The district clerk informed the Clerk of this Court that the reporter's record was mailed to appellant on
October 14, 1997.